BACKGROUND
McLAUGHLIN, Circuit Judge:
Today we are called upon to interpret certain sections of the Bankruptcy Code, 11 U.S.C. § 101 et seq. (the “Code”), to resolve a dispute concerning a three-bedroom house in Cambria Heights, Queens County, New York (the “Property”).
In September 1997, as creditors circled above him, Ainsley Bean (“Bean” or the “Debtor”) contracted to sell the Property for $165,000 to the defendants, first-time home buyers Joan Nurse Agard, Lynette Nurse, and Rossell Simeon (the “Purchasers”). The purchase price was financed with a $164,520 mortgage from defendant Premier Mortgage Company (“PMC”) (collectively with the Purchasers, the “Defendants”). Shortly thereafter, Bean’s fortunes dimmed further and, on October 21, 1997, he filed a voluntary Chapter 11 bankruptcy petition with the United States Bankruptcy Court for the Eastern District of New York. The case was assigned to Bankruptcy Judge Holland. After surveying the wreckage of Bean’s finances, on December 23, 1997, Judge Holland converted the case into a Chapter 7 liquidation proceeding. He appointed the plaintiff, Richard J. McCord, as trustee of Bean’s bankruptcy estate (the “Trustee”).
That very same December day, the Purchasers closed title on the Property. With the proceeds from the sale, Bean satisfied two old mortgages totaling $87,761.65, paid a broker’s commission of $9,990 and paid city and state transfer taxes of $2,310. Bean then turned over the remaining proceeds, $59,949.35, to the Trustee.
It is undisputed that, at the closing, the Purchasers’ attorney had a title report that noted a pending Chapter 11 bankruptcy proceeding in Bean’s name. Inexplicably, however, the Purchasers claim they never had actual knowledge of the pen-dency of the bankruptcy proceeding.
Three months after the sale, the Trustee commenced this adversary proceeding in the bankruptcy court, claiming that the December sale of the Property to the Purchasers was an unauthorized post-petition transfer under § 549(a) of the Code. 11 U.S.C. § 549(a). The Trustee brought this litigation even though Bean had already turned over the net proceeds of $59,949.35 and the Trustee was in the process of recovering the broker’s fee.
The Trustee quickly moved for summary judgment against the Defendants, demanding both recovery of the Property, plus the payment of its fair market value to the estate. He also sought to cancel the PMC mortgage that financed the sale. The Defendants cross-moved for summary judgment, seeking dismissal of the Trustee’s complaint. The bankruptcy court granted summary judgment to the Trustee together with all the relief that he had requested. The Defendants appealed that ruling to the United States District Court for the Eastern District of New York (Block, /.).
Before the district court, the Trustee immediately conceded that the bankruptcy court had obviously erred in giving him a double recovery by ordering that: (1) Purchasers turn over the title to the Property; (2) Defendants pay a money judgment in the amount of the Property’s fair market value; and (3) PMC’s mortgage against the Property be discharged. In re Ainsley H. Bean, 251 B.R. 196, 200 (E.D.N.Y.2000). The Trustee asked the district court to affirm only that part of the judgment awarding the Property’s fair market value to the Trustee (a judgment that would presumably be paid by the title insurance company). Id.
However, under a withering line of questioning from the court, the Trustee made *116 two other significant concessions: (1) the $165,000 paid by the Purchasers was the fair market value of the Property; and (2) if the Trustee, rather than the Debtor, had sold the Property, he would not have realized more than the approximately $60,000 net proceeds, representing the equity, which Bean had already turned over. Id. at 201. When Judge Block asked the Trustee’s attorney why he brought this action (because there did not appear to be any damage to the estate) the attorney candidly admitted that it was “unquestionably punitive.” Id. The Trustee had to confess that the award of fair market value-$165,000-amounted to “a windfall to the creditors, of course.” He claimed, nevertheless, that it was justified as a punishment that should be visited on the Purchasers (and, more importantly, their title insurance company) for violating, even unwittingly, the Code’s ban on post-petition transfers of assets.
The district court was unimpressed by the Trustee’s penological theory of the Code and reversed the judgment of the bankruptcy court in its entirety, dismissing the Trustee’s complaint against the Defendants. Id. at 206. Furthermore, having found that the instant lawsuit was “a textbook example of purposeless litigation by a trustee,” id. at 205, the district court took the unusual step of concluding, sua sponte, that the prosecution of the action was a gross abuse of the Trustee’s discretion. Id. at 206. The district court therefore advised the bankruptcy court against compensating the Trustee and his counsel for their services in the action. The Trustee now appeals from the judgment of the district court.
DISCUSSION
A. Merits of the Cross-Motions for Summary Judgment
When it is acting as an appellate court in a bankruptcy case, a district court’s rulings are subject to plenary review. In re Momentum Mfg. Corp., 25 F.3d 1132, 1136 (2d Cir.1994). Therefore, this Court reviews the bankruptcy court’s determinations of law de novo and accepts its findings of fact unless they are clearly erroneous. In re Bell, 225 F.3d 203, 209 (2d Cir.2000).
The precise question is whether § 550(a)(1) of the Code requires a bankruptcy court to permit a trustee to recover from the transferee and for the benefit of the estate, the fair market value of property that was the subject of an avoidable transfer, even after that trustee has already recovered the equity value of the property from the transferor. We have not previously addressed this particular issue. This should come as little surprise for it is the rare bankruptcy trustee that has the audacity to bring such a claim.
Section 541 of the Code defines the bankruptcy estate: “Such estate is comprised of ... all legal or equitable interests of the debtor in property as of the commencement of the case.” 11 U.S.C. § 541(a)(1). The Code allows a trustee to set aside any transfer of property of the estate occurring after the debtor files for bankruptcy, except for real property transactions where the purchaser, in good faith and for fair market value, takes title without knowledge of the petition. See 11 U.S.C. § 549(c). The Purchasers here cannot find a safe harbor in this good faith exception because they had constructive knowledge of the bankruptcy proceeding through their title report.
Section 550 of the Code prescribes the measure of the trustee’s recovery for such avoidable transactions. It states in relevant part:
[T]o the extent that a transfer is avoided under section ... 549 ..., the trustee *117 may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from'—
(1) the initial transferee of such transfer ....
11 U.S.C. § 550(a). However, § 550(d) categorically limits that recovery by stating that “[t]he trustee is entitled to only a single satisfaction under subsection (a) of this section.” 11 U.S.C. § 550(d).
Here, relying on what he perceives to be “the plain language of § 550 of the Bankruptcy Code,” the Trustee claims that under § 550(a)(1), he is entitled to recover the fair market value of the Property at the time of the transfer, ie., $165,000. The Trustee argues that when the sale of the Property to the Purchasers closed, the Property was transferred free and clear of all liens, and thus that is the value — the value at the time of transfer-to which he is entitled. While this argument has a certain semantic appeal, it cannot survive careful scrutiny.
Ultimately, the Trustee’s claim fails here because a trustee cannot recover that which did not belong to the estate at the time the debtor filed for bankruptcy protection. Section 549(a) allows a trustee to avoid only “a transfer of property of the estate.” 'll U.S.C. § 549(a). Section 541 defines property of the estate as “interests of the debtor in property as of the commencement of the case.” 11 U.S.C. § 541(a)(1). Here, the bankruptcy case was commenced when Bean filed his voluntary Chapter 11 bankruptcy petition. 11 U.S.C. § 301. The fact that Bean’s case was later converted to a Chapter 7 proceeding does not alter the date of the commencement of the case. 11 U.S.C. § 348(a) (“Conversion of a case from a case under one chapter of this title to a ease under another chapter ... does not effect a change in the date of ... the commencement of the case.... ”). Thus, the Trustee can only recover that property which Bean held the day he filed for bankruptcy protection.
For bankruptcy purposes, the “property of the estate” includes only the debtor’s equity in the property. In re Mahendra, 131 F.3d 750, 755 (8th Cir.1997); United States v. Rauer, 963 F.2d 1332, 1337 (10th Cir.1992) (“Any portion of a debtor’s property that is unencumbered by mortgage-the equity-is part of the bankrupt’s estate.”) Therefore, under § 550, the Trustee is entitled to recover only the equity Bean held in the Property the day he filed for bankruptcy, ie., $60,000. Because the Trustee had already recovered that amount directly from Bean, the district court correctly reversed the decision of the bankruptcy court.

B. The District Court’s Finding of Gross Abuse of Discretion

The Trustee also argues that the district court erred by concluding that, in prosecuting this adversary action against the Defendants, the Trustee had grossly abused his discretion. Although we can find no fault with the district court’s conclusion, we lack jurisdiction to affirm it because the dispute is not ripe for review at this time.
Ripeness is a “constitutional prerequisite to exercise of jurisdiction by federal courts.” Fed. Election Comm’n v. Cent. Long Island Tax Reform Immediately Comm., 616 F.2d 45, 51 (2d Cir.1980) (in banc) (per curiam) (citation omitted). The ripeness doctrine requires that there be a “real, substantial controversy between parties” involving a “dispute definite and concrete.” Babbitt v. United Farm Workers Nat’l Union, 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979) (citation omitted). These requirements are intend *118 ed to prevent adjudication of issues that may never arise. Motor Vehicle Mfrs. Ass’n of the United States, Inc. v. New York State Dep’t of Envtl. Conservation, 79 F.3d 1298, 1305 (2d Cir.1996). In analyzing the ripeness of a particular issue, a court must “consider both the fitness of the issues for judicial decision and the hardship resulting from withholding judicial consideration.” Marchi v. Bd. of Coop. Educ. Servs. of Albany, 173 F.3d 469, 478 (2d Cir.), cert. denied, 528 U.S. 869, 120 S.Ct. 169, 145 L.Ed.2d 143 (1999).
In this case, the Defendants sought reversal of the bankruptcy court’s grant of summary judgment against them. In addition to reversing the judgment, the district court, sua sponte, found that the Trustee had grossly abused his discretion. The Trustee has asked this Court to reverse this finding, presumably because he fears it will have collateral estoppel effect. Under this scenario, when the Trustee and his attorneys eventually submit their respective applications for fees, the bankruptcy court would be compelled to reduce or reject the Trustee’s requested compensation for this adversary action.
Plainly, the district court’s finding cannot have collateral estoppel effect. The sua sponte finding of abuse of discretion was pure dicta; it was not necessary to decide the issue before the district court on appeal from the bankruptcy court. As such, the finding of abuse of discretion cannot have any collateral estoppel effect. Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa, S.A., 56 F.3d 359, 368 (2d Cir.1995) (identifying as one of the four elements for a finding of collateral estop-pel the requirement that the issues were necessary to support a valid and final judgment on the merits).
In the absence of any collateral estoppel effect, the finding of abuse of discretion on the part of the Trustee fails to generate any real controversy. Of course, this may change once the bankruptcy court has enjoyed the opportunity to pass on the Trustee’s fee application (and that of his attorneys). Until that time, however, we have no jurisdiction over this phase of the case.
CONCLUSION
We have considered all of the parties’ remaining contentions and find them to be without merit. For the foregoing reasons, we AFFIRM the decision of the district court.